IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SASHA RUCKER,<br><br>              Plaintiff,<br><br>vs.<br><br>JOE MARTIN, Director; and JULIE NEILSON, Lieutenant;<br><br>              Defendants. | 4:25CV3151<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Sasha Rucker's ("Plaintiff") Complaint, Filing No. 1, filed on July 17, 2025. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint when she was incarcerated in the Sarpy County Jail in Papillion, Nebraska, Filing No. 1 at 1, but she has since been transferred to the Denton County Jail in Denton, Texas, Filing No. 9 at 1.[1] Plaintiff names as defendants Director Joe Martin ("Martin") and Lieutenant Julie Neilson ("Neilson"), but Plaintiff does not provide any information identifying who Martin and Neilson are or what role either of them played in the incident alleged in her Complaint. Assuming Martin and Neilson are employed at the Sarpy County Jail, Plaintiff appears to seek damages from the

---

[1] According to the Denton County Jail's online records, it appears Plaintiff was released from custody on November 7, 2025. *See* https://justice1.dentoncounty.gov/PublicAccess/default.aspx (last visited Dec. 31, 2025).

defendants pursuant to 42 U.S.C. § 1983 for injuries she sustained in a fall at the Sarpy County Jail.

On July 6, 2025, Plaintiff slipped on a puddle of water in the shower area when she was nearly 20 weeks pregnant and fell forward onto her stomach, hitting her left knee, left elbow, left breast, left shoulder, and left side of her face. There were "no caution wet floor signs nor non[-]slip mats." Filing No. 1 at 1 (spelling corrected). Plaintiff was taken to "UNMC," which the Court understands to be the University of Nebraska Medical Center, and was seen in the Emergency Room. *Id*. at 2. It appears Plaintiff returned to the Sarpy County Jail later on July 6, 2025, and she "started spotting as well as having bleeding from [her] nose" at approximately 10:52 p.m. *Id*. Plaintiff requested to see medical and she was seen around 12:00 p.m. the following day, July 7, 2025. Plaintiff experienced headaches, back pain, bruising, pain on much of her left side, nose bleeds, and spotting off and on for three days. "[T]here was no follow up nor was [Plaintiff] taken back to the ER. Medical did not call [Plaintiff's] OBGYN that following Monday as the ER Doctor requested." *Id*. Plaintiff alleges she has requested "the proper medical" for herself but has "been overlooked other than being taken to UNMC for [her] unborn child to be observed." *Id*. at 3.

Plaintiff seeks $500,000 in damages for her "injuries, not having proper care and the growth of [her] child which is unborn" as she is "at high risk within [her] pregnancy [and] as of now there is no proof that [her] child will be born without a birth defect or loss." *Id*. at 2.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. ANALYSIS OF CLAIMS

Liberally construing the Complaint, Plaintiff appears to allege federal constitutional claims based on her conditions of confinement in the Sarpy County Jail. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Moreover, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff does not allege any facts showing either Martin or Neilson were directly involved in the incident or misconduct alleged in the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was involved in the alleged misconduct fails to state a claim against that defendant. *Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir.

1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Other than their names appearing in the caption, the Complaint makes no reference to Martin or Neilson, let alone allege any constitutional wrongdoing. Accordingly, even under the liberal pleading standard afforded pro se plaintiffs, the Complaint fails to state a claim.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim against any defendant. However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief against specific, named defendants or unknown defendants and clearly explains what those defendants did to her, when the defendants did it, and how the defendants' actions harmed Plaintiff. Plaintiff is advised that any amended complaint she files will supersede her original Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time

specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.  In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

4.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 30, 2026**: deadline for amended complaint.

5.  The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff at the address the Court has on file and to the following address: 3042 Cass St., Omaha, NE 68131.

6.  Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 31st day of December, 2025.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge