IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SASHA RUCKER,

              Plaintiff,

    vs.

JOE MARTIN, Director; and JULIE NEILSON, Lieutenant;

              Defendants.

**4:25CV3151**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sasha Rucker's ("Plaintiff") Amended Complaint. Filing No. 12. Plaintiff filed a Complaint, Filing No. 1, and was given leave to proceed in forma pauperis. On December 31, 2025, the Court conducted an initial review under 28 U.S.C. §§ 1915(e) and 1915A (the "Initial Review Order") and determined Plaintiff's Complaint failed to state a claim upon which relief may be granted against the defendants but gave Plaintiff leave to file an amended complaint to allege "a plausible claim for relief against specific, named defendants or unknown defendants and clearly explains what those defendants did to her, when the defendants did it, and how the defendants' actions harmed Plaintiff." Filing No. 10 at 5. Plaintiff timely filed her Amended Complaint, Filing No. 12, on January 30, 2026, and the Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff filed her initial Complaint when she was incarcerated in the Sarpy County Jail in Papillion, Nebraska, Filing No. 1 at 1, but she was later transferred to the Denton County Jail in Denton, Texas, Filing No. 9 at 1. As the Court noted in the Initial Review

Order, Filing No. 10 at 1 n.1, and as confirmed by mail sent to Plaintiff at the Denton County Jail and returned as undeliverable, Filing No. 11, Plaintiff is no longer confined in the Denton County Jail.[1]  In her Amended Complaint, Plaintiff again names Director Joe Martin ("Martin") and Lieutenant Julie Neilson ("Neilson") as defendants and states, "I put the director and lieutenant within my complaint because they are in charge of regulations and inmates within Sarpy County Jail."  Filing No. 12 at 2 (capitalization corrected).

Plaintiff's Amended Complaint is sparse on factual detail, but she essentially seeks to recover for injuries she sustained in a fall at Sarpy County Jail while she was pregnant as the Court described in the Initial Review Order, *see* Filing No. 10 at 1–2. Plaintiff alleges the following as her statement of claim:

> [On] July 6th, 2025, I (Sasha Rucker) slipped and fell in Sarpy County Jail.  This incident was also caught on camera happening right in front of the shower area.  I have filed this complaint due to lack of medical care.  My daughter was born Nov[ember] 21st, 2025.  Test still have to be ran [sic] on her left and right ligaments.  When being transferred to Denton County in Denton, TX, none of my records from Sarpy were sent over promptly.  Sarpy County did not cover my medical bill from UNMC Medical Hospital and follow ups were not completed within the timeframe given from Began Mercy labor and delivery.
>
> Everything within the Memorandum and Order [on Initial Review] was listed correctly. . . .
>
> From this incident, I had ongoing complications with my pregnancy that were not addressed or foreseen appropriately within Denton County due to lack of medical documents being transferred from Sarpy County Jail.

Filing No. 12 at 1–2 (punctuation and capitalization corrected).

---

[1] The Court sent a copy of the Initial Review Order to an alternate address Plaintiff provided in her Complaint and supplement, *see* Filing No. 10 at 6, and Plaintiff's acknowledgement of her receipt of the Initial Review Order indicates the alternate address is her current mailing address, *see* Filing No. 12 at 1. The Court will direct the Clerk of Court to update Plaintiff's address accordingly.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Upon review, and even when considered as supplemental to the original Complaint, the Court concludes that Plaintiff's Amended Complaint does not correct the deficiencies identified in the Court's Initial Review Order, and this action should be dismissed for failure to state a plausible claim for relief.

As the Court explained in the December 31, 2025, Initial Review Order, *see* Filing No. 10 at 4, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cnty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).  A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. 662, 676 (2009).  Moreover, "[i]t is well settled that § 1983 does not impose respondeat superior liability."  *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted).   "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'"  *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

4

Here, Plaintiff again fails to allege any facts showing either Martin's or Neilson's personal involvement in the incident or misconduct alleged in the Amended Complaint. Rather, Plaintiff specifically seeks to hold Martin and Neilson liable for her alleged injuries because they are generally responsible for the supervision and regulation of inmates within Sarpy County Jail. However, Martin and Neilson cannot be held liable for Plaintiff's alleged injuries based solely on their supervisory positions as director and lieutenant of the Sarpy County Jail. *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (prison supervisors cannot be held liable under § 1983 based on respondeat superior theory). Plaintiff's Amended Complaint, thus, fails to state a plausible claim for relief against Martin and Neilson.

Even if Plaintiff had named individual defendants personally involved in either her fall or the failure to transmit her medical documents, the Court finds that the facts alleged fail to state a plausible claim for relief. With respect to Plaintiff's fall, the Complaint and Amended Complaint suggest, at most, that Sarpy County Jail officials may have been negligent, but simple negligence does not amount to a constitutional violation. See *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotation and citation omitted)); *Jones v. Ford*, No. 5:0900388-WR-JJV, 2010 WL 729001, at *3 (E.D. Ark. Mar. 1, 2010) ("Absent special circumstances, accidents such as this do not give rise to a cause of action under 42 U.S.C. § 1983.").

5

Nor does Plaintiff allege a plausible claim for deliberate indifference to her medical needs by any Sarpy County Jail officials as no facts are alleged to show the failure to transmit Plaintiff's medical records to her new facility caused her any injury. Plaintiff complains that her pregnancy complications were not "addressed or foreseen appropriately" at the Denton County Jail due to the lack of her medical documents from the Sarpy County Jail. Filing No. 12 at 2. However, Plaintiff alleges she gave birth to her daughter in November, *Id*. at 1, and, in her previously-filed supplement, Plaintiff alleges her "medical records were released to Denton County Jail and were not followed nor relayed to [the Denton County Jail] OB Dr. Noble," who "did not listen to any of [Plaintiff's] concerns or documented issues, [but] he referred [her] to the specialist after doing a dopler [sic] check," Filing No. 9 at 2. Because the Denton County Jail medical providers had access to at least some of Plaintiff's medical records but declined to follow or review them, Plaintiff cannot show that Sarpy County Jail's failure to forward her medical records harmed her. *Blondheim v. Cnty. of Olmsted*, 47 F. App'x 786, 789 (8th Cir. 2002) (plaintiff could not establish a prima facie case of deliberate indifference because defendants' failure to forward his medical records upon transfer to another prison did not actually harm him where doctors at new facility were aware of records and opted not to follow recommendations).

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to correct the deficiencies identified in the Court's Initial Review Order; namely, Plaintiff does not allege facts showing that the named defendants, Martin and Neilson, were personally involved in the alleged constitutional wrongdoing. Plaintiff's pleadings also fail to allege facts from which a

6

reasonable inference can be drawn that any Sarpy County Jail officials subjected Plaintiff to unconstitutional conditions of confinement or were deliberately indifferent to her serious medical needs. Accordingly, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed without leave to amend as the Court concludes that further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court shall, before docketing this order, update Plaintiff's address to the address listed on the envelope used to mail Plaintiff's initial Complaint, Filing No. 1 at 5.

2. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. The Court will enter judgment by separate document.

Dated this 22nd day of April, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge